## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-B-52678 |
| | ) | |
| V2 INVESTMENTS LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date:   June 4, 2015** |
| | ) | **Hearing Time:   9:30 a.m.** |
| | ) | **Room No.:      680** |

## COVER SHEET FOR FIRST AND FINAL APPLICATION OF
## FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES

Name of Applicant:                    FrankGecker, LLP

Authorized to Provide                 Frances Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:             V2 INVESTMENTS LLC

Period for Which                      January 13, 2011 through February 28, 2015
Compensation is Sought:

Amount of Fees Sought:                $      10,027.50

Amount of Expense                     $        53.60
Reimbursement Sought:

This is a:                            First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered
and expenses incurred herein is: $0.00.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-B-52678 |
| | ) | |
| V2 INVESTMENTS LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date:   June 4, 2015** |
| | ) | **Hearing Time:   9:30 a.m.** |
| | ) | **Room No.:      680** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **June 4, 2015**, at **9:30 a.m.**, we shall appear before

the Jacqueline P. Cox, or such other judge as may be sitting in her stead, in Courtroom 644 at the

Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the

attached **First and Final Application of FrankGecker LLP as Counsel to Frances Gecker,**

**Chapter 7 Trustee of the Bankruptcy Estate of V2 INVESTMENTS LLC, for**

**Compensation and Reimbursement of Expenses.**

Dated:  March 13, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
V2 INVESTMENTS LLC

By:   /s/      *Reed Heiligman*
One of Her Attorneys

Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:    (312) 276-1400
Facsimile:    (312) 276-0035
rheiligman@fgllp.com

{V2INVEST/001/00041966.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-B-52678 |
| | ) | |
| V2 INVESTMENTS LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF V2 INVESTMENTS LLC
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of V2 INVESTMENTS LLC, (the "Debtor"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) for legal services performed and expenses incurred during the period of January 13, 2011 through February 28, 2015 (the "Application Period"), as counsel to the Trustee. In support of the Application, FrankGecker LLP respectfully represents as follows:

**BACKGROUND**

1.    On November 29, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2.    Frances Gecker ("Trustee") is the duly appointed and qualified Chapter 7 Trustee of the case.

3.    The Section 341 meeting of creditors was held on January 20, 2011 (the "341 Meeting").

4.     The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case.  On February 8, 2011, this Court entered an order authorizing the Trustee to retain FG and Mr. Zielinski as her counsel retroactive to January 13, 2011.

5.     Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

6.     The Debtor's assets primarily consisted of interests in the following limited liability companies that owned commercial real estate in the Chicago area: (i) twenty-five percent (25%) interest in Wolf Plaza, LLC; (ii) fifty-percent (50%) interest in Galewood Plaza, LLC; (iii) fifty-percent (50%) interest in Galewood Plaza II, LLC; (iv) fifty-percent (50%) interest in Triangle Plaza of Chicago, LLC; (v) fifty-percent (50%) interest in Triangle Plaza of Chicago II, LLC; and (vi) twenty-five percent (25%) interest in Brandy's Group, LLC (collectively, the "Companies" or "Partnership Interests").

7.     With the exception of Galewood Plaza, LLC, the Companies were parties in pending foreclosure actions.

8.     After discussing the market value of the Partnership Interests with various brokers, FG negotiated the sale of the Debtor's Partnership Interests to Charles Markopoulos, the Manager and majority interest holder in each of the Companies, for $30,000.00.

9.     This Application seeks allowance of all fees and expenses incurred by FG from January 13, 2011 through February 28, 2015.  To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts.  Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel.  Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

{V2INVEST/001/00041966.DOC/}                3

## I.   SERVICES PERFORMED

### A.   Administration                                                                 $4,295.00

FG spent **13.20** hours at a cost of **$4,295.00** on issues relating to the administration of the bankruptcy case including researching the value of the Debtor's assets and reviewing the investment and real estate records.

### B.   Claims                                                                            $1,145.00

FG spent **3.20 hours** at a cost of **$1,145.00** during the Application Period on issues relating to reviewing claims and determining the validity and extent of claims filed by creditors in this Case including drafting, filing and appearing in court on Trustee's Objection to Claim No. 1.

### C.   Retention of Professionals/Fee Applications                     $345.00

FG spent **1.00** hours at a cost of **$345.00** on issues relating to drafting, filing and appearing in court on Trustee's motions to employ counsel and accountant.

### D.   Sale of Assets                                                                 $4,242.50

FG spent **13.70** hours at a cost of **$4,242.50** on issues relating to the Sale of Debtor's Partnership Interests to Charles Markopoulos, including reviewing sale offers and negotiating with various brokers. Communications with Debtor's counsel and Mr. Markopoulos' counsel regarding the sale. The net proceeds from the sale of Debtor's Partnership Interests were $30,000.00.

## II.   ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A.     Jeremy C. Kleinman (JCK) is a bankruptcy associate at FG.  Mr. Kleinman graduated from the University of Michigan Law School in 1999 and served as law clerk to the Honorable John D. Schwartz.

{V2INVEST/001/00041966.DOC/}                          4

Zane L. Zielinski (ZLZ) was an associate at FrankGecker LLP.  Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif.  Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

Christina S. Smith (CSS) is a bankruptcy paralegal at FrankGecker.  Ms. Smith assisted counsel in case research and case administration.

## II.    CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG.  This fee application applies to fees and expenses incurred by FG from January 13, 2011 through and including February 28, 2015.  All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate.  No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.  Because of the limited funds in this case, FG has written off all time with regards to motions to employ and drafting of fee applications.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **31.10 hours** providing necessary legal services for the Trustee.  As a result, they request compensation in the amount of **$10,027.50** for actual, necessary legal services performed (Exhibit A).  The average hourly rate is **$322.43**.  In addition, FG has expended the sum of **$53.60** for actual necessary expenses incurred in representing the Trustee.  FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

{V2INVEST/001/00041966.DOC/}                   5

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached **Exhibit A**. For purposes of this Application, counsel has used categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.      Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$10,027.50**;

B.      Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of **$53.60**; and

C.      Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of **$10,081.10**.

Dated:  March 13, 2015                                    Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
V2 INVESTMENTS LLC

By: _/s/     Reed Heiligman_____
        One of Her Attorneys

Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:    (312) 276-1400
Facsimile:     (312) 276-0035
rheiligman@fgllp.com